## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ABDOULAHI MAHAMAN,

                Plaintiff,

   vs.

AETNA LIFE INSURANCE
COMPANY,

                Defendant.

Civil Action No.  2:23-cv-197

### COMPLAINT

AND NOW, comes the Plaintiff, ABDOULAHI MAHAMAN, by and through his attorney, Brian Patrick Bronson, Esquire, and the Quatrini Law Group, P.C., and files this Complaint in Civil Action in the Federal District Court for the Western District of Pennsylvania, stating as follows:

### INTRODUCTION

### NATURE OF THIS ACTION

1.     This action is filed pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereinafter referred to as "ERISA") and the Declaratory Judgment Act, 28 U.S.C. §§2201, 2202.  Mr. Mahaman (hereinafter "Plaintiff") is a participant in an employee welfare benefit plan (hereinafter referred to as "The Plan") which is administered pursuant to an insurance policy issued by Aetna Life Insurance Company.  The Plan is governed by ERISA.  Plaintiff is a beneficiary under the Plan. This Complaint challenges the Plan's unlawful practice of failing to provide Plaintiff with the

timely payment of Long Term Disability benefits under the Plan. Specifically, Plaintiff is filing this action to enforce his rights under the Plan and for attorney fees, interest and costs as provided by ERISA.

## JURISDICTION AND VENUE

2.     This Court has Original Jurisdiction to hear this Complaint and to adjudicate the claims herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

3.     Venue is proper in this Court, as the Plan was administered in the Western District of Pennsylvania.

## PARTIES

4.     The Plaintiff, Abdoulahi Mahaman, currently resides at 44 Audubon Park, Dillsburg, PA 17019, and previously resided at 1919 Saint Clair Avenue, Greensburg, PA 15601, Westmoreland County.

5.     The Defendant, Aetna Life Insurance Company, is the Claims Administrator of Long Term Disability claims and is located at 151 Farmington Avenue, Hartford, CT 06156.

6.     Defendant administered employee benefits, mainly Long Term Disability benefits, under the Plan in accordance with the insurance policy issued to the Plan by the Claims Administrator.

**STATEMENT OF FACTS**

7.      The Plaintiff, Mr. Abdoulahi Mahaman, last worked for C&S Wholesale Grocers, Inc. as a Slot Cleaner on or about April 14, 2011, wherein he stopped working due to diagnoses, symptoms, and functional limitations of a Kidney Transplant; Chronic Systolic Heart Failure; Hypertension; Hyperparathyroidism; Hypercholesterolemia; Chronic Fatigue; Arm Weakness and Numbness; Hepatitis B; and Glaucoma.

8.      By letter dated February 22, 2012, Defendant approved Plaintiff's claim for Long Term Disability benefits under the Own Occupation standard.

9.      By letter dated June 24, 2013, Defendant upheld their approval under the Any Occupation standard.

10.     By letter dated January 19, 2022, Defendant denied Plaintiff's claim for Long Term Disability benefits, after paying the claim for over 10 years.

11.     Plaintiff, by and through his attorney Brian Patrick Bronson, Esquire filed a timely and responsive appeal by letter dated July 15, 2022, and supplemented the appeal with additional evidence by letter dated July 21, 2022.

12.     By letter dated September 15, 2022, Defendant upheld their denial of Plaintiff's claim for Long Term Disability benefits. This letter states, "Since we've made our final decision no other action will be taken by us."

13.     Plaintiff was awarded Social Security Disability benefits beginning March 2013, with a date of disability of April 14, 2011. Plaintiff continues to receive Social Security Disability benefits in an uninterrupted fashion. Plaintiff was under the age of 50 at the time he was awarded Social Security Disability benefits and as such was found incapable of working in any gainful occupation.

## CAUSE OF ACTION

**Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.**

14.     Paragraphs 1 through 13 are incorporated herein as if set forth at length.

15.     Plaintiff has exhausted all administrative remedies and mandatory appeals as required by the Plan and ERISA 29 U.S.C. §1001 et seq.

16.     At all times relevant to this action, the Plaintiff has been unable to perform the material duties of any gainful occupation due to diagnoses, symptoms, and functional limitations of a Kidney Transplant; Chronic Systolic Heart Failure; Hypertension; Hyperparathyroidism; Hypercholesterolemia; Chronic Fatigue; Arm Weakness and Numbness; Hepatitis B; and Glaucoma.

17.     The Defendant failed to cooperate with the evidence gathering and exchange in this case, by failing to attend a scheduled deposition with the Plaintiff to which they were invited, effectually turning a blind eye to evidence which supported the receipt of continued disability benefits.

18.     The Defendant's actions in denying Plaintiff benefits under the Plan constitutes a violation of 29 U.S.C. § 1132(3)(B)(ii) .

19.     The Defendant ignored pertinent medical evidence and failed to evaluate all of the evidence of record including the medical of Plaintiff's treating physicians.

20.     There has been no medical change in the Plaintiff's condition affecting his work capabilities since he was found disabled by the Defendant from any occupation.

21.     The Defendant did not conduct a full and fair review of the claim as required by ERISA.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that the Court issue an Order:

(1)     Awarding, declaring or otherwise providing Plaintiff all relief to which

Plaintiff is entitled under ERISA Section 502 Paragraph (a) 29 U.S.C. Section 1132(a);

(2)     Awarding pre and post judgment interests;

(3)     Awarding Plaintiff the costs of this action and reasonable attorneys fees;

(4)     Awarding such other relief as may be just and reasonable.

/s/ Brian Patrick Bronson, Esquire
Brian Patrick Bronson, Esquire (Pa #89035)
Quatrini Law Group, P.C.
550 East Pittsburgh Street
Greensburg, PA  15601
Phone:  (724) 837-0080
Fax:  (724) 837-1348
E-mail:  bpb@qrlegal.com

Dated:   February 8, 2023